TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00648-CR






Warnett Carter, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0990651, HONORABLE BOB PERKINS, JUDGE PRESIDING







A jury found appellant guilty of possessing less than one gram of cocaine. See
Tex. Health & Safety Code Ann. § 481.115 (West Supp. 2000). The district court assessed
punishment, enhanced by two previous felony convictions, at imprisonment for fourteen years. 
See Tex. Penal Code Ann. § 12.42(a)(2) (West Supp. 2000). We will affirm.

Austin Police Officer Gregory White went to an address on East 12th Street in
response to a disturbance call. When he arrived, appellant was sitting on the porch next to a
woman. As the officer approached on foot, he saw appellant take something from his mouth and
place it under the woman's leg. The object proved to be a rock of crack cocaine.

Appellant's first point of error is a challenge to the legal sufficiency of the
evidence. His argument in support of this contention consists entirely of an attack on Officer
White's credibility. The jury was the exclusive judge of the witness's credibility and the weight
to give his testimony. See Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984);
Castellano v. State, 810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.); Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979). As a reviewing court, we must view all the evidence in the
light most favorable to the verdict and ask if any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S.
307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614
S.W.2d 155 (Tex. Crim. App. 1981). White's testimony is sufficient to sustain the jury's verdict. 
Point of error one is overruled.

In his second point of error, appellant contends the State improperly adduced
evidence that he was in jail. Appellant testified in his own behalf. During cross-examination, the
prosecutor asked appellant about the restraint brace he wore on his leg during the trial. Appellant
did not object to these questions and thus failed to preserve any error for review. See Tex. R.
App. P. 33.1(a). Point of error two is overruled.

Finally, appellant contends the district court should have granted a mistrial when
the prosecutor argued facts not in the record. Appellant's objection to the argument was
sustained. He did not request a mistrial or other relief. Having failed to pursue the matter to an
adverse ruling, appellant forfeited his right to complain about the argument on appeal. Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Point of error three is overruled.


The judgment of conviction is affirmed.



 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 13, 2000

Do Not Publish



 14pt">
TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00648-CR






Warnett Carter, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0990651, HONORABLE BOB PERKINS, JUDGE PRESIDING







A jury found appellant guilty of possessing less than one gram of cocaine. See
Tex. Health & Safety Code Ann. § 481.115 (West Supp. 2000). The district court assessed
punishment, enhanced by two previous felony convictions, at imprisonment for fourteen years. 
See Tex. Penal Code Ann. § 12.42(a)(2) (West Supp. 2000). We will affirm.

Austin Police Officer Gregory White went to an address on East 12th Street in
response to a disturbance call. When he arrived, appellant was sitting on the porch next to a
woman. As the officer approached on foot, he saw appellant take something from his mouth and
place it under the woman's leg. The object proved to be a rock of crack cocaine.

Appellant's first point of error is a challenge to the legal sufficiency of the
evidence. His argument in support of this contention consists entirely of an attack on Officer
White's credibility. The jury was the exclusive judge of the witness's credibility and the weight
to give his testimony. See Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984);
Castellano v. State, 810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.); Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979). As a reviewing court, we must view all the evidence in the
light most favorable to the verdict and ask if any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S.
307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614
S.W.2d 155 (Tex. Crim. App. 1981). White's testimony is sufficient to sustain the jury's verdict. 
Point of error one is overruled.

In his second point of error, appellant contends the State improperly adduced
evidence that he was in jail. Appellant testified in his own behalf. During cross-examination, the
prosecutor asked appellant about the restraint brace he wore on his leg during the trial. Appellant
did not object to these questions and thus failed to preserve any error for review. See Tex. R.
App. P. 33.1(a). Point of error two is overruled.

Finally, appellant contends the district court should have granted a mistrial when
the prosecutor argued facts not in the record. Appellant's objection to the argument was
sustained. He did not request a mistrial or other relief. Having failed to pursue the matter to an
adverse ruling, appellant forfeited his right to complain about the argument on appeal. Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Point of error three is overruled.


The judgment of conviction is affirmed.



 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson